USDS SDNY
DOCUMENT
ELECTRONICALLY FIl
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAYE SHIPMAN,

                                    Plaintiff,

            -v-

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                                    Defendant.

No. 02-CV-6987 (KMK)(RLE)

ORDER

KENNETH M. KARAS, District Judge:

    Plaintiff Faye Shipman brought this case pursuant to 42 U.S.C. §§ 405(g) and/or

1383(c)(3), seeking review of the decision of an administrative law judge ("ALJ") to deny

Plaintiff's application for disability insurance and Supplemental Security Income benefits.  On

January 18, 2008, the Court issued an Order partially granting Plaintiff's Motion for Judgment

on the Pleadings and remanding the case to the Commissioner of Social Security for further

review.  On May 5, 2008, Plaintiff filed a Motion for Attorneys' Fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

    The EAJA directs a court to award reasonable fees and expenses to a prevailing party in a

civil action brought against the United States or a federal official, "unless the court finds that the

position of the United States was substantially justified or that special circumstances make an

award unjust."  28 U.S.C. § 2412(d)(1)(A).  A court has "broad discretion to determine the

amount of time reasonably expended," although a "[r]outine Social Security benefits case[]

generally require[s] twenty to forty hours of attorney time."  *Guzman v. Comm'r of Soc. Sec.*,

No. 05-CV-6086, 2008 WL 1318920, at *2 (S.D.N.Y. Apr. 9, 2008).

Here, Plaintiff seeks attorneys' fees in the total amount of $14,707.00. (Pl.'s Reply Mem. of Law in Supp. of Pl.'s Mot. for Att'ys' Fees ("Pl.'s Reply") 1 n.1.) Specifically, Plaintiff seeks reimbursement for 44.3 hours expended by attorney Christopher Bowes, 29.5 hours expended by attorney Leslie Salzman, and 38.1 hours expended by law student Andrea Blau. (Decl. in Supp. of Mot. For Att'ys' Fees Pursuant to 28 U.S.C. § 2412 ("Bowes Decl.") ¶ 21 & Ex. A; Pl.'s Reply 1 n.1)

The Government challenges the attorneys' fees sought by Plaintiff on two grounds. First, it contends a fee award is inappropriate on grounds that "the Commissioner's position in this matter was 'substantially justified.'" (Def.'s Mem. of Law in Opp'n. To Pl.'s Mot. For Att'ys' Fees Under the Equal Access to Justice Act ("Def.'s Mem.") 2.) Second, it contends that any fee award should be capped at $7,000.00, as reasonable reimbursement for forty hours of attorney time at a rate of $170.00 per hour. (*Id.* 7-10.)

The Court finds that the Government's position in this case was not substantially justified. In particular, the Commissioner should have known "that the ALJ's fifth-step conclusion – that Plaintiff possessed the residual functional capacity to perform other jobs that exist in significant numbers in the national economy – was either an improper application of the law or was not supported by the evidence." *Shipman v. Barnhart*, No. 02-CV-6987, 2008 WL 216615, at *8 (S.D.N.Y. Jan. 23, 2008) [hereinafter *Shipman*]; *cf. Horton v. Barnhart*, No. 03-CV-76, 2004 WL 2375816, at *2 (S.D.N.Y. Oct. 21, 2004) ("[A] reasonable person could not have regarded the record as an adequate one on which to base a decision."). As the Court previously concluded, the finding of nonexertional limitations triggered an obligation by the ALJ

2

to solicit and consider the opinion of a vocational expert. *Shipman*, 2008 WL 216615, at *8. The Government does not contest that all elements required for an EAJA fee award other than lack of substantial justification are satisfied. Thus, an EAJA award is appropriate here.

Next, the Government contends that because the record in this case is "not particularly long – barely over 500 pages – and raised no complex or novel issues," the Court should limit the award to forty-hours of attorney time. (Def.'s Mem. 10.) Specifically, the Government complains of "duplication of effort by the three individuals litigating this case on behalf of plaintiff" and of the seven hours billed "for experienced counsel to prepare a petition for EAJA fees." (*Id.* 9.)

In principle, the Government is correct that, even where a plaintiff's counsel has made a reasonable determination to have more than one attorney work on the case, it "should not be required to pay for resulting inefficiencies rather than efficiencies." *Dudelson v. Astrue*, No. 03-CV-7734, 2007 WL 3051875, at *2 (S.D.N.Y. Oct. 15, 2007). Where necessary and appropriate, however, law student work remains reimbursable at a reasonable rate. *See Nicholson v. Williams*, No. 00-CV-2229, 2004 WL 4780498, at *12 n.21 (E.D.N.Y. Apr. 5, 2004) ("[C]ourts have held that law students are entitled to statutory fees for time expended."). Here, Blau, the law student, itemized 38.1 hours preparing a principal brief for which counsel seek reimbursement at $75 per hour; Salzman, her attorney supervisor, itemized 15.8 hours on the same brief at a requested reimbursement rate of $153.70 for that work (performed in 2004). (Decl. of Leslie Salzman ("Salzman Decl."), Exs. A & B.) Salzman represents to the Court that she has, to her credit, already exercised billing judgment in light of the student participation by discounting the time for which she seeks fees, and the Court sees no occasion to quarrel with her

3

judgment that the time submitted is appropriate.

On the Government's second point, however, Bowes' claim for a total of 8.3 hours spent discussing fees and preparing a fee declaration is inappropriate. *See Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 212 (E.D.N.Y. 2006) (stating that the court "would be remiss if [it] did not trim some of the fat from [plaintiff's] fee application in light of the clear excessiveness of the billing for its preparation"). First, it is unclear why it would take any attorney so much time to complete this task, particularly one who has represented "over 285 plaintiffs in Social Security appeals to federal district court." (Bowes Decl. ¶ 28.) Plaintiff's explanation that the "papers speak for themselves" shed no light on any need for the amount of time spent. (Pl.'s Reply at 9.) Second, Bowes' fee request for time spent billing stands in stark contrast to Salzman, who did not request "fees for any time spent to date in connection with the fee application." (Salzman Decl. ¶ 7.) Third, Bowes' declaration has problematic mathematical errors that initially caused the Court to doubt whether the 8.3 hours spent invoicing was not itself a clerical error.[1] The Government should not be required to pay for this time.[2]

---

[1] The Court notes three examples of facially apparent errors in the fee submission. First, Bowes submits a time report for reviewing the Court's Memorandum and Order on December 28, 2007, several weeks before the Order was issued. Second, the back-up to Bowes' time submitted is conflicting, as Bowes itemizes 68.8 hours of attorney time in ¶ 21 and Exhibit A, but only 58.4 hours of attorney time in ¶ 24. Third, in the itemization in Exhibit A, Bowes inexplicably proposes slightly different hourly rates for two different time entries on the same date, October 24, 2005. Only when Plaintiff's Reply Memorandum restated the claim for 8.3 hours on the initial fees Motion and augmented it by five hours for work on the reply brief did it become clear to the Court that this was not in error.

[2] Similarly, the Government should not be required to pay for the additional five hours of time charged by Bowes for the reply memorandum to this Motion, for which he requests five hours of fee payments. *See Luessenhop v. Clinton County, N.Y.*, No. 04-CV-263, 2008 WL 2345373, at *15 (N.D.N.Y. Mar. 28, 2008) (reducing recovery hours where "a significant portion of the Reply Affidavit [was] a rehash of Plaintiff's initial Application and what new arguments

4

The EAJA provides that the amount of "fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see Torres v. Barnhart*, No. 02-CV-9209, 2007 WL 1810238, at *14-16 (S.D.N.Y. June 25, 2007). Here, the Court accepts the inflation-adjusted hourly rates submitted by Salzman of $169.62 in 2007, $159.60 in 2005, and $153.70 in 2004.

The Court orders fee payment for Bowes of 31.1 hours (5.1 hours in 2004 and 26 hours in 2006); for Salzman of 29.5 hours (15.8 hours in 2004, 13.3 hours in 2006, and 0.4 hours in 2007); and for Blau of 38.1 hours (all in 2004). Fees are awarded for Bowes in the total amount of $4,933.47 (5.1 x $153.70 + 26 x $159.60), for Salzman in the amount of $4,618.99 (15.8 x $153.70 + 13.3 x $159.60 + 0.4 x $169.62), and for Blau in the amount of $2,857.50 (38.1 x $75). Thus, the total attorneys fees award is $12,409.96.

SO ORDERED.

Dated:    August $\mathbf{8}$ , 2008
          White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

and facts presented . . . could have been completed in half the time.").

Service List

Copies to be mailed by Clerk's Office:

Leslie Salzman, Esq.
Cardozo Bet Tzedek Legal Services
55 Fifth Avenue, 11th Floor
New York, N.Y. 10003

Christopher J. Bowes, Esq.
Center for Disability Advocacy Rights ("CeDAR"), Inc.
841 Broadway, Suite 605
New York, N.Y. 10003

Susan D. Baird, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, N.Y. 10007